THE STATE OF MISSOURI, Respondent, v. JAMES N. BONINE, Appellant.

Kansas City Court of Appeals, November 5, 1900.

1. Criminal Law: SLANDER: ADULTERY: EVIDENCE. The evidence reviewed and found to sustain the conviction of the defendant for slandering certain females by accusing them of adultery.

2. ———: ———: AMBIGUOUS LANGUAGE: EVIDENCE. Where on the trial of an information charging slander the alleged slanderous language is ambiguous, the manner in which it was or might be understood by those to whom it was published, is material and will control in determining the meaning.

3. ———: ———: ADULTERY: STATUTE. The statute in relation to criminal slander is meant to provide a penalty for falsely charging a female with adultery whether it be said to be open and notorious or committed in secret.

4. ———: ———: ———: INFORMATION: APPELLATE PRAC-
TICE. The information in this cause is sufficient; and the objec-
tion in the appellate court comes too late especially since no preju-
dice occurred to the substantial rights of the defendant on the
merits.

Appeal from the Cooper Circuit Court.—*Hon. D. W.
Shackleford,* Judge.

AFFIRMED.

*Wm. Forman* for appellant.

(1) The court erred in permittng the witnesses in be-
half of the state to testify as to what they understood the de-
fendant to mean by the use of the words charged to have been
used. State v. Boos, 66 Mo. App. 537; Dickson v. State, 30
S. W. Rep. 807. (2) The information charges no offense
under the statute. The language charged to have been used
does not come within the terms of the statute under which it is
evidently drawn, section 3868, Revised Statutes 1889. There
could be no fornication imputed by the words charged, for
the reason the evidence shows that all the daughters of Sam
Merriott as well as the defendant were married. It does not
charge them with whoredom for the reason that whoredom, as
defined by Webster and the Century Dictionary means, pros-
titution of the body for hire, and the words charged do not
impute adultery for adultery as used in the statutes means
open and notorious adultery. State v. Sekrit, 130 Mo. 401;
State v. Chandler, 132 Mo. 155; State v. Osborne, 39 Mo.
App. 372; State v. Coffee, 39 Mo. App. 56; State v. Phillips,
49 Mo. App. 325. (3) Under section 4329 of the Revised
Statutes an information before a justice of the peace, when
not filed by the prosecuting attorney upon his own knowledge,

information or belief, must be upon a complaint setting forth the offense and verified in accordance with the statutes; and the complaint must either be filed with the justice or be delivered to the prosecuting attorney and accompany the information. State v. Sartin, 66 Mo. App. 626; State v. White, 55 Mo. App. 356; State v. Shaw, 26 Mo. App. 383.

GILL, J.—This case originated in a justice's court where the defendant was charged, by information filed by the prosecuting attorney, with having falsely and maliciously accused one Docia Lawrence and her sisters (who were the married daughters of one Sam Merriott) of the offense of fornication, adultery and whoredom "by then and there falsely and maliciously speaking of and concerning the said Docia Lawrence the following false and slanderous words, to-wit: 'I have used every girl old Sam Merriott ever raised,' * * * to and in the presence and hearing of Albert Silvey, William Wilson, Nancy Silvey and others * * * then and there and thereby unlawfully, falsely and maliciously accusing, charging and intending to charge and accuse the said Docia Lawrence (and all of her sisters except Celia wife of defendant James N. Bonine) with and to impute to them and particularly to Docia Lawrence the offense of fornication, adultery and whoredom by then and there accusing and charging the said Docia Lawrence and her sisters with the act of fornication, adultery and whoredom by then and there accusing the said Docia Lawrence and each and all of them and particularly the said Docia Lawrence with adultery, fornication and whoredom by then and there accusing and charging the said Docia Lawrence and her sisters with having had sexual intercourse with the said James N. Bonine she the said Docia Lawrence and her sisters aforesaid being then and there females of good repute,

State v. Bonine.

the said James N. Bonine then and there and thereby meaning all the time he was having said conversation to convey the impresion and idea that Docia Lawrence and all of her sisters except the wife of defendant was guilty of the act of fornication, adultery and whoredom with him the said James N. Bonine and was so understood by the said William Wilson, Albert Silvey, Nancy Silvey and others in whose presence and hearing the said false and slanderous words were so as aforesaid by the said James N. Bonine falsely and maliciously spoken against the peace and dignity of the state."

In the trial before the justice, as well as in the circuit court where the cause was taken by appeal, the defendant was found guilty, and from a judgment imposing a fine and imprisonment an appeal was taken to this court.

I. The evidence in behalf of the state made a strong case against the defendant. It seems that the old man Merriott had four daughters—all married and one of them to defendant Bonine. According to the testimony of several witnesses the defendant at different times openly charged his three sisters-in-law with having committed adultery with him. The language used was substantially as charged in the information, that he had "used every girl old Sam Merriott ever raised," that he "had done as he pleased" with the women "and could have done likewise with their mother if he had wanted to," etc. The evidence too clearly shows that the defendant intended to and did convey the impression to his hearers that he had had sexual intercourse with these different females. The parties addressed so understood the defendant, and it is difficult to see how they could otherwise understand it when the entire conversation is considered. It appears too that these charges of adultery were entirely false. A plain case was made then by the evidence for the state and, the defendant was brought within the offense defined in section

3868, Revised Statutes 1889, which provides that: "every person who shall falsely and maliciously charge or accuse any female of incest, fornication, adultery or whoredom by falsely speaking of and concerning such female, in the presence and hearing of any other person or persons, any false and slanderous words which shall impute to her any such offense * * * shall be deemed guilty of a misdemeanor."

In defendant's brief it is insisted, however, that the trial court erred in permitting the several witnesses to testify as to what they understood the defendant to mean by the use of the words spoken. We must rule this point against the defendant. Standing alone, it might be said that the words uttered, to-wit: that he, Bonine, had used the girls or women as he wished, "had used every girl old Sam Merriott ever raised" were ambiguous and not clear of meaning. It was proper then to have the words considered in the light of the circumstances and the drift of the conversation at the time, and moreover how they were at the time understood by those engaged in conversation with the defendant. The evidence shows that the character of the women was at the time being discussed, and that all the witnesses understood the defendant to charge that he had committed adultery with his wife's sisters. "Where the language is ambiguous," says Townshend (sec. 140), "the manner in which it was or might be understood by those to whom it was published, is material, and will control in determining the meaning."

Moreover, the defendant did not object to this evidence at the trial and he can not therefore be heard to complain of its admission.

Neither do we agree to the defendant's contention that the information charges no offense under the statute. The words charged to have been uttered by the defendant imputed the commission of adultery by the females mentioned.

Adultery is defined as criminal intercourse between a married person and one of the opposite sex whether married or single —sexual connection between a married woman and an unmarried man or a married man other than her own husband. The adultery falsely charged against or imputed to a female, and which furnishes grounds for criminal slander under section 3868 of the statute, is not confined or restricted to the *open and notorious* adultery mentioned in section 3798 and for which a punishment is there provided. The criminal slander statute (sec. 3868) is meant to provide a penalty for falsely charging a female with adultery whether it be said to be open and notorious or committed in secret.

The objection to the form of the information is without merit. If, however, the defendant desired to raise this question the point should have been made by motion to quash filed in the lower court. It is too late now after having gone to trial without objection. If a defect at all it was such as tended in no way to prejudice the substantial rights of the defendant upon the merits, and should not then work a reversal of the judgment. Sec. 4115, R. S. 1889.

The defendant had a fair and impartial trial and the judgment against him must stand. Judgment affirmed. All concur.